UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:                                                         Chapter 11

**KARL B. DOUGLAS**,

                                                               Case No.: 17-75424-las

                              Debtor.
-------------------------------------------------------------------

## STIPULATED ORDER DIRECTING DEBTOR TO MAKE ADEQUATE PROTECTION PAYMENTS TO U.S. BANK NATIONAL ASSOICATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMAC PASS-THROUGH TRUST, SERIES 2015-C

This Stipulated Agreement ("Agreement") is made this ___ day of February, 2018, by and among Debtor, Karl B. Douglas ("Debtor"), having an address of 1304 Ridge Road a/k/a 1304 Trevor Court, Laurel Hollow, NY 11791 (the "Premises") and Secured Creditor, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMAC Pass-Through Trust, Series 2015-C c/o Rushmore Loan Management Services LLC ("Creditor") having an address of P.O Box 55004, Irvine, CA 92618.  The following recitals are material part of the agreement.

WHEREAS, on October 25, 2017, this Court issued an Order directing Loss Mitigation between Creditor and Debtor (ECF NO. 25).

WHEREAS, Debtor having requested time to vacate the Premises and/or sell the Premises.

WHEREAS, Debtor having agreed to pay adequate protection payments to Creditor for ten (10) months for an opportunity to vacate the Premises and/or sell the Premises.

WHEREAS, ~~this Court having considered the evidence presented and the arguments of the parties at a hearing~~ *the parties having notified the Court as to the agreement at a status hearing held* on January 23, 2018, and with good cause appearing therefore, and *the Court having directed* ~~directing~~ the parties to submit a proposed adequate protection order.

WHEREAS, IT HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the Debtor and Creditor (collectively the "parties") hereto as follows:

1.      *Duration of Adequate Protection Order.* Debtor must complete a sale of the Premises on or before December 31, 2018 (the "Adequate Protection Deadline").

2.      *Adequate Protection Payments.* Debtor shall pay ten (10) monthly adequate protection payments in the sum of EIGHT THOUSAND DOLLARS AND NO CENTS ($8,000.00) to Creditor, representing the monthly taxes and insurance on the Premises (the "Adequate Protection Payment"), which shall be paid within ten days (10) from entry of this Order, and thereafter on the first day of each month thereafter without further interruption or further order of the Court through the Adequate Protection Deadline. There shall be no grace period for failure to timely make Adequate Protection Payments under this Agreement. Debtor's monthly Adequate Protection Payment shall be made payable to "Rushmore Loan Management Services" with the loan number on the check.  All payments under this Order shall be sent to Creditor at the following address:

> Rushmore Loan Management Services
> P.O. Box 52708
> Irvine, CA 92619

3.    *Marketing Efforts*.  Debtor is directed to timely and diligently market the Premises for Sale. Debtor shall provide to Creditor's counsel a copy of the listing agreement and proof of all marketing efforts relating to the Premises within (10) days of entry of this Order and shall provide updates on the sale of the Premises to Creditor's counsel and the Court at every case management conference held during the Adequate Protection Period.

4.    *Sale Approval Process*. Debtor is responsible for the filing of any motion seeking bankruptcy court approval of the sale.  Debtor also agrees that the Premises cannot be sold for less that the total sum due and owing to Creditor without Creditor's consent and approval of the contract of Sale.

5.    <u>Condition of Premises.</u> Debtor shall maintain the Premises in good condition and repair.  Debtor shall do nothing to lessen the value of the Premises nor shall Creditor make any repairs to the Premises during this Agreement.

6.    *Waiver of Defenses*. Debtor admits that there are no defenses or claims in this Bankruptcy proceedings and that no other persons will file or claim any rights to possession in connection with Premises. Debtor waive all defenses and claims in the state court foreclosure action (Index No. 18103/2011) and/or housing court including but not limited to any actions seeking to stay the sale of the Premises or secure possession of the Premises.

7. *Occupancy of Premises*. Debtor represents that Debtor and his family are residing in the Premises. Debtor shall not permit any other persons to occupy the Premises.

8. *Conversion*. This Agreement shall survive any subsequent conversion of the subject bankruptcy petition.

9. *Default prior to expiration of adequate protection period*. In the event Debtor fails to comply with the paragraphs 2, 3 and/or 4, or Debtor's failure to sell the Premises on or before the Adequate Protection Deadline, it shall constitute a default. In event of the default, Creditor shall serve Debtor with written notice of such default upon the Debtor and Debtor's counsel by overnight mail, as evidenced by an affidavit of service to be filed with the Court by Creditor. Debtor shall have five (5) days to cure such default. Upon Debtor's failure to cure such default, Creditor shall file an affidavit of default and proposed order granting relief from the automatic stay Court (the "Relief Order"). Upon the Court's entry of the Relief Order, Creditor shall have relief from the automatic stay in the within proceedings pursuant to 11 U.S.C. § 362(d)(1) and the automatic stay is terminated pursuant to 11 U.S.C. § 362(c)(3).

10. *Conversion*. This Agreement shall survive any subsequent conversion of the subject bankruptcy petition.

11. This Court shall retain jurisdiction in the event a dispute arises under this Agreement.

12.    *Indemnification*. The Debtor agree to indemnify Creditor, its agents and/or assigns from any and all claims of third parties arising out of the occupancy of possession of the Premises.

13.    *Review with Counsel*. Debtor acknowledges and agrees that he had the opportunity to review the terms of this Agreement with an attorney prior to execution and acknowledge that they have read and understood the terms of this Agreement and entered into this Agreement without any duress or coercion of any kind.

14.    *Military Service*. Debtor represents that they are not presently in military service of the United States Government or in active duty in the military service in the State of New York. Debtor further represents that he is not dependent on anyone who is presently in military service of the United States Government or in active duty in the military service in the State of New York.

15.    *Severability*. If any one or more of the provisions of this Agreement are deemed unenforceable, the remainder of this Agreement shall remain enforceable in accordance with the balance of the terms of the Agreement provided.

16.    *Waiver*. Nothing contained herein shall constitute or a waiver or modification of Creditor's rights and remedies pursuant to the Note and/or Mortgage.

17. *Entire Agreement*. This Agreement may not be modified except in writing signed by all Parties.

18. *Successors and Assigns*. This Agreement shall be binding on each party's successors and assigns, including without limitation any Trustee which may hereafter be appointed.

19. *Notices*. All notices and requests required or permitted hereunder shall be given in writing and shall be effective all purposes if hand-delivered or sent by (a) first class United states mail, postage prepaid, or (b) expedited next day prepaid delivery service, either commercial or United States Postal Service, with proof of attempted delivery. Notices shall be delivered as follows:

    a)  If to Creditor:      Stuart L. Kossar, Esq.
                               Knuckles, Komosinski & Manfro, LLP
                               565 Taxter Road, Suite 590
                               Elmsford, NY 10523

    a.  If to Debtor:        Michael J. Macco, Esq.
                               Macco & Stern LLP
                               2950 Express Drive South, Suite 109
                               Islandia, NY 11749

20. *Counterparts.* This Agreement may be executed in counter parts and by facsimile transmission which shall be deemed to have the same force and effect as an original.

**ON CONSENT:**

Dated:   February __, 2018            March 9, 2018
          Islandia, New York            Elmsford, New York

MACCO & STERN LLP            KNUCKLES, KOMOSINSKI & MANFRO, LLP

BY:_/s/ Michael J. Macco_____   BY:_/s/ Stuart L. Kossar_____

   Michael J. Macco, ESQ.            STUART L. KOSSAR, ESQ.
   *Attorney for Debtor*            *Attorneys for Creditor*
   2950 Express Drive South, Suite 109   565 Taxter Road, Suite 590
   Islandia, NY 11749            Elmsford, NY 10523
   (631) 549-7900            (914) 345-3020

  Dated:   March 16, 2018
         _____, New York

BY:_/s/ Karl B. Douglas_____
     Karl B. Douglas
     1304 Ridge Road a/k/a 1304 Trevor Court
     Laurel Hollow, NY 11791

SO ORDERED.



**Dated: March 22, 2018**                              *Louis A. Scarcella*
**Central Islip, New York**                    **Louis A. Scarcella**
                                         **United States Bankruptcy Judge**