UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:

KARL B. DOUGLAS,

         Debtor.
------------------------------------------------------------ X

Index No. 8-17-75424 (LAS)

Chapter 11

## ORDER AUTHORIZING THE
## RETENTION OF SPECIAL COUNSEL TO THE DEBTOR

Upon the amended application dated April 17, 2018 (the "Application") of Karl B. Douglas, the above-referenced debtor and debtor-in-possession (the "Debtor"), seeking authorization to retain Parent & Parent LLP as special counsel ("Special Counsel") to the Debtor for purpose of negotiating debts underlying claims filed by New York State Department of Taxation and Finance and the Internal Revenue Service; and upon the annexed declaration of Robert Lyon, Esq. (the "Declaration"), dated March 19, 2018; and it being represented in the papers submitted in connection with the Application that the firm of Parent & Parent LLP represents no interest adverse to the Debtor in the matters upon which said firm of attorneys is to be engaged and is a disinterested person under 11 U.S.C. Section 101, and that the employment of said firm of attorneys is necessary and would be in the best interest of the Debtor; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Parent & Parent, LLP, as special counsel for the Debtor to perform all of the services set forth in the Application, is hereby approved pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* to the date of the Application; and it is further

**ORDERED,** that Special Counsel may seek monthly compensation in accordance with the following procedures:

a) On or before the twentieth (20th) day of each month following the month for which compensation and reimbursement is sought, Special Counsel will serve a monthly statement (the "Monthly Fee Statement"), by hand or overnight delivery, on (i) the Debtor; (ii) Debtor's attorneys, Macco & Stern, LLP, 2950 Express Drive South, Suite 109, Islandia, New York 11749, Attn: Cooper J Macco, Esq.; and (iii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722;

b) The Monthly Fee Statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this order is not meant to alter the fee application requirements outlined in 11 U.S.C. §§ 330 and 331 and because Special Counsel is still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York;

c) Each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996 as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

d) Each person receiving a Monthly Fee Statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought (the "Monthly Fee Statement Objection Deadline"), serve upon Special Counsel, and the other persons designated to receive statements in paragraph (a), a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

e) At the expiration of the Monthly Fee Statement Objection Deadline, the Debtor shall promptly pay eight (80%) percent of the

    fees and one-hundred (100%) percent of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d) hereof;

f) If the Debtor receives a Notice of Objection to Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursement in the percentages set forth in subparagraph (e) hereof;

g) If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Monthly Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

h) All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j) below);

i) The service of an objection in accordance with paragraph (d) hereof shall not prejudice the objecting party's right to object to any fee application made to the Court on any ground, whether such ground was raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be deemed a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j) Approximately every one-hundred twenty (120) days, but no less frequently than every one-hundred fifty (150) days, Special Counsel shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to 11 U.S.C. §§ 330 and 331 (as the case may be), of the compensation and reimbursement of expenses previously paid;

k) If Special Counsel fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above, then Special Counsel: (1) shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until further order of the Court, and (2) may be required to disgorge

        any fees paid since the last fee application (or, if no fee application has been filed, since retention);

l) The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify Special Counsel from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of Special Counsel;

and it is further

**ORDERED,** that the Debtor shall include all payments to Special Counsel on his monthly operating reports; and it is further

**ORDERED,** that any party in interest may file a motion seeking a modification or suspension of monthly payments to Special Counsel pursuant to this Order on any applicable grounds, including that the Debtor has not timely filed monthly operating reports or remained current with his administrative expenses and 28 U.S.C. § 1930 fees, and in such event, no further payments shall be made pursuant to this order until such motion is resolved; and it is further

**ORDERED**, that monthly payments to Special Counsel pursuant to this Order may be suspended by the Court *sua sponte*, and it is further

**ORDERED,** that prior to any increases in Special Counsel's rates, Special Counsel shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with 11 U.S.C. § 330(a)(3)(F) and state whether the Debtor has consented to the rate increase; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in 11 U.S.C. § 330, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

.

**NO OBJECTION**

/s/  Stan Y. Yang  4/23/2018
**Office of the United States Trustee**



Dated: April 27, 2018
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**